UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FLEET C HAMBY,<br><br>              Plaintiff,<br><br>    v.<br><br>STEVEN HAMMOND, J DAVID KENNEY, SARA SMITH, BERNARD WARNER,<br><br>              Defendant. | CASE NO. C14-5065 RBL-KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT |

This matter has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Fed. R. Civ. P. 72. The case is before the undersigned for consideration of Plaintiff's motion to amend the complaint. Dkt. 22. Defendants oppose the motion. Dkt. 24. Plaintiff filed a reply. Dkt. 28. The undersigned has reviewed the file in consideration of this motion, including reviewing the discovery and documents submitted in connection with the motion for injunctive relief. Dkt. 7 through 21.

/

/

ORDER - 1

## BACKGROUND

On April 16, 2014, the undersigned entered a Scheduling Order setting a discovery cutoff date of July 18, 2014. Dkt. 6. On June 26, 2014, Plaintiff filed a motion to amend the complaint to add new claims regarding medical treatment of his knee. Dkt. 22. Plaintiff's noted his motion for July 11, 2014, one week before discovery was scheduled to end. Defendants oppose amendment of the complaint and argue that Plaintiff delayed in filing his motion and that extensive discovery was conducted regarding Plaintiff's motion for injunctive relief. Dkt. 24. Plaintiff admits that amendment of the complaint will require an extension of the discovery deadlines in this case. Dkt. 22. Plaintiff argues that the reopening of discovery and allowing the taking of depositions of persons who have already been deposed does not constitute prejudice. Dkt. 28. Plaintiff also argues that allowing amendment promotes judicial economy. *Id*.

The original complaint raised allegations of improper medical treatment for hernia conditions. Dkt. 1. The matter was before the District Court on a Report and Recommendation to grant plaintiff injunctive relief from July 7, 2014 until August 21, 2014. Now that the Report and Recommendation has been adopted the matter is again before the undersigned and the motion to amend the complaint is ripe for consideration.

Mr. Hamby waited just over five months from the time he filed his complaint until moving to amend. During this time frame the parties filed a discovery plan and engaged in discovery relevant to Plaintiff's hernia claims and injunctive relief.

## STANDARD OF REVIEW

Fed. R. Civ. P. 15(a) addresses amendment of the complaint before trial and states:

(a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

1       (A) 21 days after serving it, or

2       (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule
3       12(b), (e), or (f), whichever is earlier.

4       (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should
5       freely give leave when justice so requires.

6 Fed. R. Civ. P. 15(a)(2) applies to this case.

7       A court's decision to deny a motion to amend is reviewed for abuse of discretion, but

8 there are policy reasons for liberally granting motions to amend when justice so requires.

9 *Sweaney v. Ada County*, 119 F.3d 1385, 1392 (9th Cir, 1997). The factors the undersigned

10 considers include undue delay, bad faith, prejudice to the opponent, and futility. *Id*.

11       Here, plaintiff has conducted extensive discovery and waited until one week before

12 discovery was scheduled to end to have their motion heard. Dkt. 22. The delay in filing the

13 motion alone is grounds for denial. Further, the parties have conducted and submitted extensive

14 discovery in connection with the motion for injunctive relief. Amendment of the complaint at

15 this late date would necessitate reopening discovery. Plaintiff's argument that reopening

16 discovery in this case would be a mere inconvenience (Dkt. 28) is unpersuasive given the extent

17 of material and amount of discovery filed in support of the motions for injunctive relief. Further,

18 the authority that plaintiff cites in his reply also stated "If the proposed amendment requires the

19 reopening of discovery, the prejudice to the non-moving party will be considered greater than if

20 the proposed amendment presents only a new issue of law." *Voilas v. Gen. Motors Corp.*, 173

21 F.R.D. 389, 396 (D.N.J. 1997) (*Citing Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133

22 F.R.D. 463, 469 (D.N.J.1990).

23       Accordingly the undersigned finds and ORDERS as follows:

24

1     Based on the factors of delay and prejudice to Defendants the undersigned finds that
2 amendment of the complaint in this case would be improper.
3     Plaintiff's motion to amend his complaint (Dkt. 22) is **DENIED** for the above stated
4 reasons.
5     **DATED** this 25th day of August, 2014.

6

7                                         Karen L. Strombom
8                                           United States Magistrate Judge

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24